UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
COURT ACTION FILE NUMBER 4:01-cv-42-H3

Vernon L. Green
    Plaintiff

Vs.

CITY OF WASHINGTON; POLICE CHIEF JOE STRINGER, individually and in his official capacity as Chief of Police of the City of Washington; **CITY MANAGER R.L. WILLOUGHBY** individually and in his official capacity as City Manager for the City of Washington; **MAYOR L. STEWART RUMLEY,** individually and in his official capacity as Mayor and voting member of the City of Washington City Council; **JUDY MEIER JENNETTE** individually and in her official capacity as a member of the City of Washington City Council; **ED GIBSON** individually and in his official capacity as a member of the City of Washington City Council, **DAN OLSON,** individually and in his official capacity as a member of the City of Washington City Council; **RICHARD BROOKS,** individually and in his official capacity as a member of the City of Washington City Council; **EMMA WILDER HOWARD,** individually and in her official capacity as a member of the City of Washington City Council, and **DOUG MERCER,** individually and in his official capacity as a member of the City of Washington City Council, **POLICE OFFICER, REUBEN HASSELL** individually and in his official capacity as a member of the City of Washington Police Department,
    Defendants

**C O M P L A I N T**
(Jury trial Demanded)

COPY
FILED
MAR 22 2001
DAVID W. DANIEL, CLERK
US DISTRICT COURT
E. DIST. N. CAROLINA

The Plaintiff, **Vernon Green** complaining of the defendants, says and alleges as follows:

I.

1. The Plaintiff, **Vernon Green**, is a citizen and resident of the United States of America and is a resident of Beaufort County, North Carolina.

II.

**DEFENDANTS**

2. The defendant, **CITY OF WASHINGTON,** is a municipal corporation and governmental subdivision of the state of North Carolina. At all times material to this Complaint, **The City of Washington** had exclusive control over the operations of the Washington Police Department and its employees, including named defendants herein.

3. The defendant, **POLICE CHIEF JOE STRINGER** hereinafter called "CHIEF OF POLICE," at all times material to the Complaint, was an employee of the City of Washington and responsible for regulating the actions of police officers, insuring that the actions of all City of Washington Police Officers complied with the laws of the United States and the State of North Carolina, and further promulgated and enforced the customs and policies as set forth and established by the City of Washington and its Police Department. **POLICE CHIEF STRINGER** is sued individually and in his official capacity as the Chief of Police for the City of Washington.

4. The Defendant, **Reuben Hassell**, hereinafter called **Hassell**," at all times material to this Complaint, was an employee of the City of Washington and a member of the City of Washington's Police Department, and was also responsible for his own actions in that capacity.

5. The defendants, **MAYOR L. STEWART RUMLEY, JUDY M. JENNETTE, ED GIBSON, DAN OLSON, RICHARD BROOKS, EMMA W. HOWARD, and DOUG MERCER** hereinafter called MAYOR" and COUNCIL MEMBERS," at all times materials to this complaint were or are currently members of the governing body of the City of Washington, charged

1

with the responsibility of overseeing the actions of every department within the City of Washington, including its Police Department, and promulgating and enforcing the official customs, policies, and regulations of the City of Washington. They are sued individually as well as in their official capacities as members of the governing City Council for the City of Washington.

6. The defendant, **R.L. Willoughby**, hereinafter called **Willoughby**," at all times material to this complaint, was employed by the City of Washington as City Manager. As City Manager, the defendant **Willoughby**," was charged with the responsibility for the administration of all city departments, ensuring that such actions fall within the laws of the State of North Carolina and the United States, and had authority to appoint and /or remove heads of departments, including the Chief of Police. The defendant **Willoughby** is sued individually as well as in his official capacity as the City Manager for the City of Washington.

III.

## JURISDICTION

7. This action is brought pursuant to 42 United States Code Subsections 1983 and 1988 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 United States Code Subsections 1331 and 1334 (3) and (4) and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising out of State Law.

8. Each and every act of the defendants alleged herein was done by the defendants under the color of law, statutes, ordinances, regulations, policies, customs, and usage's of the State of North Carolina and /or the City of Washington and its Police Department.

## FACTS:

9. On March 26, 1998 the Plaintiff, **Vernon Green**, was driving a vehicle in the City of Washington, North Carolina.

2
Case 4:01-cv-00042-H    Document 1    Filed 03/22/2001    Page 3 of 14

10. The defendant **Hassell** and other City of Washington Police Department Officers attempted to stop the vehicle which the Plaintiff, **Vernon Green** was operating on March 26, 1998.

11. The defendant **Hassell** was the primary officer involved in stopping the plaintiff's vehicle, but other officers, in response to a call from Officer **Hassell**, also became involved in stopping the plaintiff's vehicle after a brief chase.

12. The Plaintiffs vehicle was stopped by police officers at River Road Trailer Park between 11:00 and 11:30 PM, on March 26th 1998.

13. Officer Fred **Lee** of the Washington Police Department approached the plaintiff's vehicle and attempted to pull the plaintiff out of the vehicle through the front drivers window of the Plaintiff's car.

14. As City of Washington Police Officer **Lee** was standing at the front drivers window and door of the Plaintiffs vehicle, the defendant **Hassell** drove his vehicle straight into the front side of the Plaintiffs car, pinning Officer **Lee** against the front door of the plaintiffs vehicle, seriously injuring and breaking the leg of Officer **Lee**.

15. The Plaintiff upon seeing the recklessness of the defendant **Hassell**, as it related to the injury inflicted on his co-worker and co-officer, attempted to exit his vehicle and get away from the presence of the defendant **Hassell**, as Plaintiff **Green** at that point was in fear for not only his safety but his life.

16. Plaintiff after hearing the cries of anguish and pain coming from Officer **Lee** who had been seriously injured by the negligence of the defendant **Hassell**, exited his vehicle and began running away from the scene and away from Officer **Hassell** who plaintiff now perceived as a maniac and perceived as a real danger to his life and well being.

17. The Plaintiff in running away from the collision, caused by defendant Hassell, never came anywhere near defendant **Hassell**, never confronted defendant **Hassell** and further was simply trying to get out of the presence of defendant **Hassell** because of the extreme

3

amount of carelessness and recklessness, previously exhibited by defendant **Hassell** in injuring Officer **Lee**.

18. The defendant **Hassell**, without stopping to give aid to the officer who he had just rammed with his vehicle, immediately began pursuing the Plaintiff with his weapon drawn.

19. The Plaintiff continued to leave the scene of the accident and the defendant **Hassell** continued to pursue the Plaintiff while brandishing his weapon and yelling for the Plaintiff to stop running.

20. The Defendant without just cause or warning suddenly fired shots at the Plaintiff with bullets striking the Plaintiff from behind in the right leg.

21. The Defendant **Hassell**, immediately prior to shooting the Plaintiff, threatened the Plaintiff **Green** with deadly force by yelling on at least three (3) occasions "You better stop running from me or I'm going to shoot you M----- -----r," and "I'm not going to tell you again to stop running m----- -----r."

22. After shooting the Plaintiff **Vernon Green**, the defendant **Hassell** immediately jumped on top of the Plaintiff and placed a knee in the Plaintiff's back, a gun to the back of his head, and yelled to the Plaintiff "I ought to kill your ass for running from me m----- -----r."

23. The Plaintiff was not further assaulted by the defendant **Hassell** because a person who lived at River Road Estates came to the plaintiff's assistance and yelled to the defendant "Leave that boy alone. I don't know why you shot him because he ain't done nothing to you."

24. The defendant **Hassell** then handcuffed the Plaintiff **Green** and left him lying on the ground for a substantial period of time, and without rendering any medical assistance to the Plaintiff for the gunshot wound.

25. At all times during the occurrences mentioned above, the plaintiff was unarmed and never attempted to confront the defendant **Hassell**.

26. The assault and the unlawful use of deadly force against the plaintiff as outlined above was entirely unnecessary and unjustified, and the same

constituted unreasonable and excessive use of deadly force upon the plaintiff by the Defendant **Hassell**.

27. The acts as outlined above were carried out under color of State law and were done in the course of Defendant **Hassell's** assigned duties as a Washington City Police Officer.

28. The assaults and unlawful use of deadly force against the plaintiff as outlined above were unnecessary and unreasonable and the same were done with malice and with the intentional intent by the Defendant **Hassell** to severely and permanently injure the plaintiff.

29. At the time of the incident described above the plaintiff had no weapons either on his person or in his vehicle and had given the defendant no reason to fear for his safety or well being.

30. The City of Washington has waived immunity in this matter to the extent that it has obtained liability insurance.

## FIRST CAUSE OF ACTION

31. The plaintiff incorporates by referencing the allegations contained in paragraphs 1-30 above as if fully set out herein.

32. Including but not limited to the actions stated above, the defendant attempted to and did in fact deprive the plaintiff of the following rights under the United States Constitution, and the statues of the United States, and in particular 42 USC 1983;
    a. The right to be free from the use of excessive force
    b. The right to be free from the use of unreasonable force
    c. The right to be free from the use of deadly force
    d. The right to be free from severe punishment
    e. The right to be free from the deprivation of liberty without due process of law

33. The defendant **Hassell** intentionally and maliciously inflicted the injury on the plaintiff by his reckless actions, and further acted with deliberate

5

indifference to the plaintiff's constitutional rights, and well being as a citizen of the United States.

34. The injury and resulting problems sustained by the plaintiff were reasonably foreseeable consequences of the defendant's actions.

35. The Defendant **Hassell** acted in reckless disregard of both State and Federal constitutional prohibitions, and guarantees to its citizens and misused the power he possessed under color of law through his employment as a police officer for the City of Washington.

36. The actions of the Defendant **Hassell**, while acting under color of state law and under color of his authority as a police officer deprived the plaintiff of his Fourth (4th), Fifth (5th), Ninth (9th) and Fourteenth (14th) Amendment rights, privileges and immunities.

## SECOND CAUSE OF ACTON

37. The Plaintiff incorporates by reference the allegations contained in paragraphs 1-36 above, as if fully set out herein.

**38.** The actions of the Defendant **Hassell**, while working as a police officer for the City of Washington and under the color of law, deprived the plaintiff of his rights not to be subjected to punishment without due process of law. (Fifth (5) and Fourteenth (14) Amendment).

## THIRD CAUSE OF ACTION

39. The plaintiff incorporates by reference the allegations contained in paragraphs 1-38 above, as if fully set out herein.

40. The actions of the Defendant **Hassell**, while acting under the color of law and color of his authority as a police officer were intended to and did in fact deprive the plaintiff of his rights to be free from unreasonable seizure. (Fourth (4) and Fourteenth (14) Amendment).

6

## FOURTH CAUSE OF ACTON

41. The plaintiff incorporates by reference the allegations contained in paragraphs 1-40 above, as if fully set out herein.

42. Despite signs and warnings prior to March 26th 1998 of the Defendant **Hassell's** propensity to overreact to situations involving stress, at no time did the City of Washington, the City of Washington City Manager, the Governing Board or the Chief of Police take any reasonable actions or steps to ascertain the continued emotional stability and fitness of the Defendant **Hassell** to serve as a police officer; nor did any of the defendants set forth a plan which would adequately supervise and monitor the Defendant **Hassell**; further the defendant's failed to adequately set forth a plan and guidelines which would limit the use of deadly force by police officers to those situations in which deadly force was warranted, but the defendants neglected their duty to the public to set forth, maintain, review, and enforce policy, procedures and guidelines as they relate to an officers use of deadly force.

43. At no time during the period of time immediately preceding March 26, 1998, did the defendant's require, administer or review tests of the Defendant **Hassell** to ascertain changes in personality, aggressive tendencies and other propensities or inclinations of the defendant **Hassell** towards violence, the use of unnecessary force, the use of deadly force or the tendency to overreact to situations where a suspect was in the process of fleeing.

44. The City of Washington, City of Washington Police Department and all other defendants involved herein knew or should have known of Defendant **Hassell's** overreaction and willingness to engage in the use of deadly force when not warranted, or in situations where deadly force was inappropriate.

45. The defendants, despite repeated instances in the City of Washington, of police officers using deadly force during the last ten (10) years, when such force was not warranted, have failed to put in place an adequate

system to guide, control and review the use of deadly force. Further the defendants do not have in place a method to adequately determine an applicants emotional and/or psychological propensity and capability and fitness for duty as a police officer.

46. The systematic deficiencies in the hiring and supervisory process as administered by the City of Washington further include but are not limited to:

    a. Lack of a system which investigates the background of police officers to determine their likelihood to use unwarranted deadly force.

    b. Lack of a system which adequately checks and controls the conduct of officers who have a history of emotional or physical abuse of power.

    c. Lack of a system of review which would discover an officers propensity to use excessive and/or deadly force.

    d. Lack of a corrective system designed to educate, monitor and control officers who have had complaints lodged against them for either the use of excessive force or who have threatened the use of deadly force against the public.

47. The forgoing acts, omissions and deficiencies are policies and customs of the defendants and as such have allowed the Defendant **Hassell** and others like him to believe that the unlawful use of deadly and / or excessive force carries no consequences from their employer.

48. The defendants further have created a climate and atmosphere where Defendant **Hassell** and other officers are more likely to use excessive force against citizens and in situations where such force is neither necessary, reasonable, nor legal.

## FIFTH CAUSE OF ACTION

49. The plaintiff incorporates by reference the allegations contained in paragraphs 1-48 above, as if fully set out herein.

8
Case 4:01-cv-00042-H    Document 1    Filed 03/22/2001    Page 9 of 14

50. The plaintiff **Vernon Green**, at the time of the incident on March 26, 1998 was unlawfully and illegally assaulted about his person by the Defendant **Hassell**. At the time of the assault the Defendant **Hassell** was acting in the course and scope of his employment and official duties as an officer of the City of Washington Police Department. Further the Defendant **Hassell** was acting as an agent and an employee of the City of Washington.

51. The Defendant **Hassell** was indicted by a Beufort County Grand Jury for assaulting the plaintiff with a deadly weapon and was in fact tried by a jury and found not guilty of the criminal charge under the criminal standard of "Proof Beyond a Reasonable Doubt".

52. The acts committed by the Defendant **Hassell**, as described above constitute an assault upon the person of the plaintiff at a time when plaintiff was offering no resistance to the defendant other than running..

### SIXTH CAUSE OF ACTION

53. The plaintiff incorporates by reference the allegations contained in paragraphs 1-52 above, as if fully set out herein.

54. At all times referred to herein the defendants, Mayor **Stewart Rumley, Judy Jennette, Ed Gibson, Dan Olson, Emma Howard, Richard Brooks** and **Doug Mercer**, were members of the governing board of the City of Washington, and each of the defendants as such had the affirmative duty and authority to initiate investigations into alleged police misconduct and to discipline and control Washington Police officers. Further, the defendants had the indirect authority to initiate discharge proceedings against officers whose conduct warranted termination of their employment through the City Manager, **R. L. WILLOUGHBY**. Further, said defendants, through the Civil Service Board, had the duty and authority to investigate, make findings and impose penalties in misconduct cases. They were under an affirmative duty to exercise that power for the protection of the public.

55. At all times relative to the matters contained in this complaint, the defendant, **R. L. WILLOUGHBY,** individually and in his capacity as the City Manager, had the affirmative duty and authority to discharge heads of departments, including police officers whose conduct warranted discipline or termination. **WILLOUGHBY** had the duty and authority to investigate, make findings, and to impose penalties in alleged misconduct cases, and was under an affirmative duty to exercise that power for the protection of the public.

56. On information and belief, it is alleged that prior to the incident described hereinabove and also during **Hassell's** employ with the City of Washington, Defendant **Hassell** has been the subject of several complaints for the use of excessive force, police brutality, improper attitude and other deficiencies. The number of these complaints was in excess of the number of ordinary complaints made against other City of Washington Police Officers.

57. Despite having actual or constructive notice of complaints against Defendant **Hassell,** and his employment history, the defendants failed to seek **Hassell's** discharge or to assign him to duties in which he would not have the opportunity to mistreat the plaintiff, and otherwise prevent **Hassell** from engaging in abusive conduct towards the citizens and residents of the City of Washington.

58. The defendants condoned and justified **Hassell's** acts and conduct by their failure to relieve him of his duties as a law enforcement agent, and by their failure to take any disciplinary actions against **Hassell** for his use of excessive, abusive, and physical force in connection with his duties as a police officer.

59. The defendants have demonstrated a deliberate indifference to the rights and safety of the plaintiff and other citizens of the City of Washington by giving police officers blanket authority to use deadly force in the arrest and apprehension of suspects regardless of offense. Those defendants are directly responsible for the deprivation of the constitutionally protected rights, and for the injuries to the plaintiff which have resulted from the custom, policy, or direct indifference to plaintiff's rights and safety.

10
Case 4:01-cv-00042-H    Document 1    Filed 03/22/2001    Page 11 of 14

## SEVENTH CAUSE OF ACTION

60. The plaintiff incorporates by reference the allegations contained in paragraphs 1-59 above, as if fully set out herein.

61. As a result of the unlawful attack on the plaintiff, the plaintiff sustained injuries requiring medical attention, and treatment. The plaintiff also incurred medical bills and endured pain and suffering as a result of the injuries. Further the plaintiff has permanent scarring as a result of being shot in the leg.

## EIGHT CAUSE OF ACTION

62. The plaintiff incorporates by reference the allegations contained in paragraph 1-61 above, as if fully set out herein.

63. As a result of the unlawful and unreasonable attack and assault by the defendant upon the person of the plaintiff, the plaintiff has suffered great emotional distress. The plaintiff continues to suffer nightmares and constantly awakens during the night with dreams and thoughts of being shot. Further plaintiff has a recurring nightmare of being shot while running, from which he awakens 2 or 3 times a month.

## NINTH CAUSE OF ACTION

64. The plaintiff incorporates by reference the allegations contained in paragraph 1-63 above, as if fully set out herein.

65. The acts, conduct and behavior of the defendant **Hassell** were done knowingly, intentionally, and maliciously thereby entitling the plaintiff to an award of punitive damages against the defendant's.

WHEREFORE based upon the forgoing the plaintiff prays unto the Court as follows:

1. That the plaintiff be granted Judgment against the defendants, jointly and severally, in an amount in excess of Ten Thousand Dollars (10,000.00) for compensatory damages;

2. That the plaintiff be awarded punitive damages against the defendants, jointly and severally, in an amount in excess of Ten Thousand Dollars (10,000.00);

3. That the plaintiff be awarded the reasonable cost and expenses of this action;

4. That the plaintiff be awarded all of his attorney's fees pursuant to 42 USC Section 1983;

5. That the plaintiff be granted a jury trial on all issues so triable.

6. That the plaintiff be granted such other and further relief which to the Court may seem just and proper in this case;

Respectfully submitted this 17 day of March, 2001.

Attorney Calvin R. King
1222 Broad Street
Post Office Box 1124
New Bern, NC 28563
Office # (252) 633-6322
N.C. State Bar # 9305

STATE OF NORTH CAROLINA

COUNTY OF CRAVEN

## VERIFICATION

_Vernon Green_, being duly sworn, deposes and says that he/she has read the foregoing instrument and knows the contents thereof and that the same are true to his/her own knowledge except for those matters therein stated upon information and belief, and as to those matters, he/she believes them to be true.

This the 17 day of March, ~~199~~ 2001

_____

STATE OF NORTH CAROLINA

COUNTY OF CRAVEN

I, _Sharon C. Bryant_, a Notary Public in and for said county and state do hereby certify that _Vernon Green_ personally appeared before me this day and acknowledged the due execution of the foregoing instrument, for the intents and purposes therein expressed.

WITNESS my hand and notarial seal this 17 day of March, ~~199~~ 2001

_Sharon C. Bryant_
Notary Public

My Commission expires: Aug. 6, 2001

CALVIN R. KING
ATTORNEY AT LAW
1222 BROAD STREET
P.O. BOX 1124
NEW BERN, NC 28560
633-6322